# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ELONZA JESSE TYLER, | Case No. 1:17-cv-01376-SAB-HC |
|---|---|
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 7).

**I.**

**DISCUSSION**

**A. Unauthorized Successive Petition**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive

1

petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In 1997, Petitioner pleaded guilty to attempted murder in the San Bernardino County Superior Court. Petitioner was sentenced to an imprisonment term of seven years to life plus six years. (ECF No. 1 at 2).[1] In the instant petition, Petitioner asserts that his sentence is in excess of the maximum authorized by law, challenges the Board of Parole Hearings' calculation of his release date, and requests specific performance of his plea agreement. (ECF No. 1 at 7, 16, 21). The petition states that Petitioner previously raised these same claims in the United States District Court for the Central District of California. (ECF No. 1 at 4). Petitioner sought prior federal habeas relief with respect to these claims in Tyler v. Sherman, No. EDCV 16-273-DOC (AJW), 2016 WL 3982335 (C.D. Cal. May 31, 2016), report and recommendation adopted, 2016 WL 3982305 (C.D. Cal. July 22, 2016).[2] The United States District Court for the Central District of California dismissed as successive Petitioner's challenge to his 1997 conviction and sentence

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks and citation omitted).

1 and denied the remainder of the petition regarding the Parole Board's actions and the alleged breach of the plea agreement. Id.

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file the instant petition.[3] If Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

**B. Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[3] The Court notes that on September 14, 2011, the Ninth Circuit issued an order that Petitioner's "*first* challenge to the calculation of his release date []  is not a second or successive petition." (ECF No. 1 at 80) (emphasis added). However, Petitioner previously filed a challenge to the Board's calculation in Tyler v. Sherman, No. EDCV 16-273-DOC (AJW) (C.D. Cal. 2016).

3

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED as successive;
2. The Clerk of Court is DIRECTED to CLOSE the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 8, 2017**

_____
UNITED STATES MAGISTRATE JUDGE