# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,<br><br>　　　　Respondent. | Case No. 1:17-cv-01376-SAB-HC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING NOVEMBER 8, 2017 ORDER AND JUDGMENT, AND DIRECTING CLERK'S OFFICE TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS AS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 9, 10, 11) |

## I.

## BACKGROUND

Petitioner is a state prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to the jurisdiction of the United States Magistrate Judge, and on November 8, 2017, the undersigned dismissed the petition as an unauthorized successive petition before Respondent appeared in the proceeding. (ECF Nos. 7, 9). That same day, judgment was entered. (ECF No. 10). On November 15, 2017,[1] seven days after judgment was entered, Petitioner filed a document entitled "Notice of Objections to the Magistrate Judge's Order Dismissing Petitioner's Petition for Writ of Habeas Corpus as Successive and Petitioner Hereby Files His Notice to Appeal the Dismissed Action." (ECF No. 11).

---

[1] Pursuant to the prison mailbox rule, "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 270–71 (1988)). The document (ECF No. 11) was dated November 15, 2017.

1

# II.

# DISCUSSION

## A. Motion for Reconsideration

The Court construes Petitioner's notice of objections (ECF No. 11) as a motion for reconsideration. See Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.2d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and motions liberally).

"[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed [within the time proscribed by that rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001); see also Moore v. Mortg. Elec. Registration Sys., Inc., 650 F. App'x 406, 407 n.1 (9th Cir. 2016). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner constructively filed the motion on November 15, 2017, within twenty-eight days of the entry of judgment, and so the Court considers the motion under Rule 59(e).

The Ninth Circuit has recognized that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). The Ninth Circuit has held:

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

Although Petitioner ostensibly filed objections to the dismissal order and judgment, he provided no reasoning whatsoever in support of his objections. Nevertheless, the Court finds that relief under Rule 59(e) is warranted in the instant case because there has been an intervening change in controlling law. One day after judgment was entered in this case, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, --- F.3d ----, No. 15-15259, 2017 WL 5180205 (9th Cir. Nov. 9, 2017). Accordingly, this Court did not have jurisdiction to dismiss the petition in the November 8, 2017 order.

Based solely on the Ninth Circuit's recent Williams decision regarding magistrate judge jurisdiction, the Court finds that relief under Rule 59(e) is warranted in the instant case and the dismissal order and judgment should be vacated. However, for the reasons set forth below and in the November 8, 2017 order, the undersigned finds that Petitioner is not entitled to habeas relief and will recommend that the petition be dismissed.

**B. Unauthorized Successive Petition**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

///

1    Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In 1997, Petitioner pleaded guilty to attempted murder in the San Bernardino County Superior Court. Petitioner was sentenced to an imprisonment term of seven years to life plus six years. (ECF No. 1 at 2).[2] In the instant petition, Petitioner asserts that his sentence is in excess of the maximum authorized by law, challenges the Board of Parole Hearings' calculation of his release date, and requests specific performance of his plea agreement. (ECF No. 1 at 7, 16, 21). The petition states that Petitioner previously raised these same claims in the United States District Court for the Central District of California. (ECF No. 1 at 4). Petitioner sought prior federal habeas relief with respect to these claims in Tyler v. Sherman, No. EDCV 16-273-DOC (AJW), 2016 WL 3982335 (C.D. Cal. May 31, 2016), report and recommendation adopted, 2016 WL 3982305 (C.D. Cal. July 22, 2016).[3] The United States District Court for the Central District of California dismissed as successive Petitioner's challenge to his 1997 conviction and sentence and denied the remainder of the petition regarding the Parole Board's actions and the alleged breach of the plea agreement. Id.

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file the instant petition.[4] If Petitioner has not obtained prior leave from the Ninth Circuit to file

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

[3] See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks and citation omitted).

[4] The Court notes that on September 14, 2011, the Ninth Circuit issued an order that Petitioner's "*first* challenge to the calculation of his release date [] is not a second or successive petition." (ECF No. 1 at 80) (emphasis added). However, Petitioner previously filed a challenge to the Board's calculation in Tyler v. Sherman, No. EDCV 16-273-DOC (AJW) (C.D. Cal. 2016).

4

this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See <u>Burton</u>, 549 U.S. at 157.

### III.

### ORDER AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (ECF No. 11) is GRANTED;
2. The November 8, 2017 order and judgment are VACATED; and
3. The Clerk's Office is DIRECTED to assign a District Judge to this case.

Further, IT IS RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2017**

UNITED STATES MAGISTRATE JUDGE